IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. BROWN

          Petitioner,

  v.

JEFF PREMO

          Respondent.

Case No. 6:14-cv-00980-MA

OPINION AND ORDER

KRISTINA HELLMAN
Assistant Federal Public Defender
101 S.W. Main St., Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

ELLEN ROSENBLUM
Attorney General
ANDREW M. HALLMAN
NICK M KALLSTROM
Assistant Attorneys General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

1 - OPINION AND ORDER

MARSH, Judge

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas petition is DENIED.

## FACTS AND PROCEDURAL HISTORY

Petitioner pleaded guilty to sexually abusing his twelve-year-old stepdaughter. Resp. Ex. 105 at 4. In May 2009, the victim's grandmother filed a complaint with the police after discovering a sexually explicit online chat conversation between the victim and petitioner. Resp. Ex. 112 at 2-3. The victim's grandmother previously had observed the victim sitting on petitioner's lap on several occasions. Resp. Ex. 105 at 5.

In the chat conversation, petitioner appears to ask the victim to send him nude pictures of herself and to engage her in cyber sex. Resp. Exs. 112 at 3 & 133. When the police questioned petitioner about the chat conversations, he admitted to having several other conversations of a similar nature with the victim. *Id.* at 10. Separately, the victim admitted to having a sexual relationship with petitioner when questioned by the police. *Id.* at 14.

In connection with their investigation, the police questioned two women at Harvest House, a temporary housing shelter where petitioner and the victim's mother lived for a period of time. The manager of Harvest House, Laura Dittman and another woman had

2 - OPINION AND ORDER

witnessed the victim straddling petitioner in a sexualized manner. Resp. Ex. 105 at 5-6; Resp. Ex. 144.

Following a grand jury indictment, petitioner pleaded guilty to charges of Sexual Abuse in the First Degree (four counts), Rape in the Second Degree (three counts), and Sodomy in the Second Degree (one count). Resp. Exs. 102, 104 & 105. The trial court sentenced petitioner to a 90-month sentence. Resp. Ex. 105 at 14.

After forgoing a direct appeal, petitioner filed a petition for post-conviction relief, which the post-conviction relief (PCR) court denied. Resp. Exs. 107 & 151 at 24. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Brown v. Premo*, 306 P.3d 798 (Or. Ct. App. 2013), *rev. denied*, 315 P.3d 420 (Or.).

## DISCUSSION

### I. Procedural Default (Grounds One and Four)

A state prisoner must exhaust all available state law remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A federal claim is procedurally defaulted if the petitioner does not fairly present his federal claims to the appropriate state courts at all appellate stages afforded under state law, and state procedural rules would now bar consideration of the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Habeas

3 - OPINION AND ORDER

review of procedurally defaulted claims is precluded absent a showing of cause and prejudice, or that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### A.   Ground One

In petitioner's amended petition, petitioner alleges that trial counsel was ineffective for failing to "properly litigate pretrial motions regarding use of evidence at trial" of victim's past false rape accusations under Oregon evidentiary Rule 608, the Oregon Constitution, and the Federal Constitution. U.S. CONST. amend. VI; OR. CONST. art. I, § 11; OR. R. EVID. 608 ("Rule 608"); *See* Pet.'s Amended Petition (ECF No. 27), p. 3. Respondent argues that this claim is procedurally defaulted because it was not fairly presented to the Oregon state courts and cannot now be raised to Oregon's highest court. Respondent is correct.[1]

A careful review of the record demonstrates that petitioner did not argue that trial counsel was ineffective for failing to seek admission of the evidence of victim's past false rape accusations under OEC 608, the Oregon Constitution or the Federal Constitution. *See Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (noting it is well-settled that discrete claims of ineffective assistance of counsel must be exhausted separately); *see also Poyson v. Ryan*, 743 F.3d 1185, 1202 (9th Cir. 2013);

---

[1] Petitioner does not challenge respondent's argument.

4 - OPINION AND ORDER

*Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005); see Resp. Exs. 106, 154 & 156.

When seeking post-conviction relief, petitioner presented this claim to the state court under Oregon evidentiary Rule 412 only. Resp. Exs. 106 & 107. Moreover, on appeal from the denial of post-conviction relief, petitioner again presented this claim to the Oregon Court of Appeals and the Oregon Supreme Court on state law grounds only. Thus, Ground One is not fairly presented because petitioner has not provided the state courts with an opportunity to consider and resolve his current federal claim. *Coleman*, 501 U.S. at 732. Because the time for presenting this claim has passed, Ground One is procedurally defaulted. See OR. REV. STAT. § 138.550(3); OR. REV. STAT. § 138.650.

### B. Ground Four

Petitioner alleges in Ground Four that his conviction violates the Fourteenth and Eighth Amendments because he is "actually innocent." Petitioner fails to sustain his burden on this claim. Petitioner did not address ground four in his supporting brief. See Pet.'s Brief in Support (ECF No. 31). In an application for habeas relief, petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). The court has reviewed petitioner's claim of actual innocence and is satisfied that he is not entitled to relief on Ground Four. Accordingly, because petitioner has failed to sustain his burden of proving habeas

relief is warranted on Ground Four, habeas relief is denied on this claim. *Id.*; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## II. Relief on the Merits

In his remaining exhausted claims, petitioner argues that trial counsel rendered deficient performance because he did not argue a motion for admitting evidence of the victim's past sexual history and adequately investigate evidence from Harvest House, resulting in prejudice to petitioner by his entering an involuntary guilty plea. Respondent moves the court to deny habeas relief on the basis that the PCR court's rejection of petitioner's claim is neither contrary to, nor an unreasonable application of *Strickland*. Respondent is correct.

### A. Standards

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Petitioner bears the burden of proof. *Cullen*, 131 S.Ct. at 1398.

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance was deficient and

6 - OPINION AND ORDER

that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. 668, 687, 694 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen*, 131 S.Ct. at 1403. When reviewing a state prisoner's habeas claim of ineffective assistance, federal courts must apply a doubly deferential standard of review taking into account the strong presumption of competence under *Strickland*, and the deferential standard of review under 28 U.S.C. § 2254(d). *Burt v. Titlow*, 134 S.Ct. 10, 13 (2013); *Cullen*, 131 S.Ct. at 1403.

*Strickland* applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). To show deficient performance, a petitioner must establish that his counsel's representation was outside the wide range of professionally competent assistance. *Strickland,* 466 U.S. at 690. In order to establish prejudice in the guilty plea context, petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hibbler v. Benedetti*, 693 F.3d 1140, 1150 (9th Cir. 2012); *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Hill*, 474 U.S. at 59.

Because "plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," and strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore,* 562 U.S. 115, 124-125 (2011).

### B. Relevant Facts

On April 5, 2010, trial counsel Eric Hansen filed a Motion and Order to Admit Evidence Under OEC 412. Resp. Ex. 135. Counsel's motion included a written offer of proof detailing the evidence of victim's past sexual behavior, including past accusations of rape and victim's sexually explicit online chat conversations with other individuals. Resp. Ex. 136. The State filed a response brief on June 9, 2010. Resp. Ex. 138. At the time scheduled for the motion, the trial judge met with counsel and the prosecutor in his chambers to discuss the merits of the motion. Resp. Ex. 143 at 3, ¶ 7. Counsel advised petitioner that the trial judge strongly indicated in the chambers meeting, that he would not grant petitioner's OEC 412 motion. *Id.* Upon counsel's advice, petitioner decided to enter a guilty plea. Resp. Ex. 104.

Petitioner pleaded guilty pursuant to a plea petition which provided:

> I wish to plead GUILTY to the charge(s) set forth below. I told my attorney all the facts and circumstances known to me about the charge(s) against me and I believe that my attorney is fully informed on all such matters. My

8 - OPINION AND ORDER

attorney has answered, to my satisfaction, all questions I have concerning my case and this petition. My attorney has counseled and advised me on the nature of each charge; on any and all lesser included charges; and on all possible defenses that I might have in this case.

\* \* \* \* \*

I believe that my attorney did all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE OR SHE HAS GIVEN ME.

\* \* \* \* \*

I OFFER MY PLEA(S) VOLUNTARILY AND WITH FULL KNOWLEDGE AND UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS AFFIDAVIT AND IN THE ATTACHED CERTIFICATE OF MY ATTORNEY.

Resp. Ex. 103 at pp. 1-2, ¶¶ 3, 4, 17 & 20.

At the June 14, 2010 plea hearing, the trial court engaged in a colloquy with petitioner to ensure he understood the terms of the plea agreement. Resp. Ex. 104 at 1-3. Specifically, the trial court discussed with petitioner his rights and the State's proposed sentence of 90 months. *Id.* at 3. The trial court also confirmed that petitioner understood that he could still plead not guilty and exercise his constitutional right to a jury trial. *Id.* Petitioner pleaded guilty to all counts, and the trial court accepted his guilty plea as knowing and voluntary. *Id.* at 4-5.

On July 5, 2010, prior to his sentencing hearing, petitioner sent a message to the trial court requesting to withdraw his guilty plea because he felt he entered his plea under duress. Resp. Ex. 137. At the July 12, 2010 sentencing hearing, the trial court confirmed that petitioner was not threatened from the State to

9 - OPINION AND ORDER

enter a guilty plea. Resp. Ex. 105 at 2. The trial court engaged in another colloquy with petitioner to ensure he understood all of his rights. *Id.* at 2-3. Petitioner reaffirmed his guilty plea as knowing and voluntary. *Id.* at 2.

However, in an affidavit to the PCR court, petitioner attested that his plea was involuntary because counsel was ineffective:

> I am more confident of my case after knowing that in light of everything in Petitioner's Exhibits 1 through 38 that my attorney did not properly include everything in the Rule 412 Amended Offer of Proof. The Offer of Proof is insufficient and had this been better prepared, I should not have entered Guilty Pleas and continued through the 412 Hearing, which we never had.
>
> * * * * *
>
> My attorney should have had the 412 Hearing and I truly believe the Motion would have been granted and my trial would have been fair.

Resp. Ex. 150 at 2, 6-8.

In an affidavit to the PCR court, trial counsel provided an entirely different view of his representation:

> Petitioner alleges that I failed to obtain records from Harvest House/YCAP showing dates and times that petitioner lived there and showing, supposedly, that such dates and times are inconsistent with the dates and times of the indictment. I do not recall petitioner stating that the dates and times he lived at Harvest House were different from the date range alleged in the indictment.
>
> * * * * *
>
> Petitioner complains that I did not have my investigator talk to a Harvest House employee. As stated above, every person that petitioner wanted us to interview I sent an investigator to talk to. I cannot remember if every person agreed to talk to my investigator. I can say with absolute certainty that those whom the investigator did

10 - OPINION AND ORDER

>   speak with were not helpful and would not have been able to provide testimony that would have assisted petitioner's defense had he chosen to go to trial. I reported this to petitioner.
>
>   \* \* \* \* \*
>
>   Petitioner alleges that I failed to argue an OEC 412 motion. This is wrong. I drafted the motion and sent it to the trial court and opposing counsel. When I appeared in court to argue the motion, the judge asked counsel to meet in his chambers. We discussed the motion and its merits. After the meeting, the judge told me that he did not think the proposed evidence – came within any of the OEC 412 grounds for allowing such evidence to be introduced at trial. The judge made clear to me that none of the evidence would be allowed if petitioner chose to go to trial. Petitioner and I discussed the plea offer following the judge's remarks and I made clear to petitioner that if I argued the OEC 412 motion, it certainly would be denied, based on what the judge said to me.

Resp. Ex. 143, pp. 3-4 at ¶¶ 2, 5, 7.

In support of his affidavit, counsel submitted numerous letters he sent to petitioner and others during the duration of his representation of petitioner. Resp. Ex. 144. Among the correspondence, counsel confirmed in a letter to petitioner on August 7, 2009 that he was investigating Harvest House. *Id.* In a February 18, 2010 letter to the prosecutor, with a copy to petitioner, counsel informed the prosecutor that he asked the investigator to interview Harvest House personnel. *Id.* In a March 10, 2010 letter to the trial judge, counsel requested the court's assistance in procuring a copy of "notes taken by the Harvest House by Harvest House employees," including the log book from Harvest House, "wherein alleged documentation of contact between

11 - OPINION AND ORDER

[petitioner] and [victim] was recorded." *Id.* To be sure, counsel sent many letters to petitioner updating him on the status and progress of his case.

At the PCR proceeding, the PCR court rejected petitioner's claims, found trial counsel credible, and concluded that petitioner knowingly and voluntarily entered his guilty plea:

> I don't find that there's anything about this case that suggests Trial Counsel performed in an inadequate way.
>
> * * * * *
>
> [The] 412 motion, in my estimation, [was] obviously doomed, because Judge Stone told [counsel] it was. And it's apparent here that the attorney, Mr. Hansen, appropriately advised Mr. Brown about his options.
>
> * * * * *
>
> Mr. Brown here . . . actually pled guilty twice, in the span of about a month. So he took the deal to begin with, which I agree . . . is a pretty good deal under the circumstances.
>
> [Petitioner] had an opportunity to discuss with Mr. Hansen, experienced counsel, that he was running an awfully big risk that he didn't necessarily take to hope that a jury might believe him, and not believe her, and especially where there may have been some testimony he would have had to agree to that would have suggested opportunity that he then would have had a hard time explaining.
>
> So I don't find there was any inadequate performance of counsel. I think the Court made it very clear to Mr. Brown the consequences of this plea.
>
> * * * * *
>
> And I certainly don't find any showing from the 412 motion that the kind of testimony that would [sic] was

12 - OPINION AND ORDER

suggested would have actually been received in trial, had it gone forward.

Resp. Ex. 151 at 22-24. The PCR court also issued similar written findings and held that "with regard to any issues not specifically addressed above, the Court relies upon and adopts the facts and law in Defendant's Trial Memorandum as the Court's findings of facts and conclusions of law." Resp. Ex. 152 at 3. Specifically, State's trial memorandum concluded that counsel was credible. Resp. Ex. 141 at 10-11.

### C. Analysis

#### 1. Failure to Argue OEC 412 Motion (Ground Two)

To establish that trial counsel was ineffective for failing to file a motion, petitioner must first demonstrate that the failure to file a particular motion was outside the standard of attorney competence. *Strickland*, 466 U.S. at 690; *Hill*, 474 U.S. at 58. In order to show prejudice, petitioner must show that "had counsel so moved, there is reasonable probability that the motion would have been granted." *Styers v. Schriro*, 547 F.3d 1026, 1030 (9th Cir. 2008) (per curiam). Petitioner's argument fails for multiple reasons.

First, petitioner has failed to demonstrate that the PCR court's findings that counsel knew that the trial court would not allow evidence of the victim's past sexual behavior and appropriately advised petitioner of the trial court's intent were

unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

Second, given the PCR court's factual findings, petitioner has not established that counsel's decision to cancel the motion hearing and advise petitioner to enter a guilty plea fell below an objective standard of reasonableness. Indeed, the trial court, counsel and the State discussed the merits of the motion in chambers after counsel filed his motion and provided an Offer of Proof. Resp. Exs. 135, 136 & 143 at 3. As the PCR court noted, the trial court clearly indicated to counsel that the 412 motion was "doomed." Resp. Exs. 143 at 3 & 151 at 22. In light of the evidence presented and under the "doubly deferential" standard of review of ineffective assistance of counsel claims, the PCR court's conclusion that counsel was not deficient is not unreasonable. *See Cullen*, 131 S.Ct. at 1403 (the strong presumption of competence under *Strickland* and the deferential standard of review under 28 U.S.C. § 2254(d)); 28 U.S.C. § 2254(d)(1).

Third, petitioner cannot establish prejudice because: 1) he has not shown the 412 motion would have succeeded, and 2) he has not demonstrated that he would not have pleaded guilty and would have insisted on going to trial. Although petitioner asserts that a hearing would have allowed the trial court to hear from witnesses and examine documents, he has failed to specify what evidence would have been presented at the hearing that would have persuaded the trial court to grant the motion. Hence, petitioner has not shown

14 - OPINION AND ORDER

that the PCR court's conclusion that the offered testimony would not have met the requirements of Rule 412 is unreasonable. *Styers*, 547 F.3d at 1030.

Additionally, in light of the strength of the State's case against him, petitioner has failed to show that he would not have pleaded guilty. As the PCR court indicated, petitioner would have a difficult time explaining the State's evidence in the case. Resp. Ex. 151 at 23. In addition to the victim's testimony that she and petitioner had sexual intercourse several times, the State also had the sexual online chat conversation between petitioner and the victim. Resp. Exs. 112 at 4 & 133. Moreover, petitioner admitted being sexually attracted to the victim and to having several similar online conversations with the victim previously. Resp. Ex. 112 at 10. And, several witnesses were willing to testify to having observed petitioner and the victim behaving in an inappropriate manner suggestive of a sexual relationship. Resp. Exs. 112 at 4 & 143 at 2; *see Rhoades v. Henry*, 638 F.3d 1027, 1049-50 (9th Cir. 2010) ("[i]n evaluating prejudice . . . ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case"). In light of a potential 25-year sentence if he had gone to trial, petitioner has not shown that the PCR court's conclusion that petitioner was not prejudiced is an unreasonable application of *Strickland*. Resp. Ex. 152 at 2.

Accordingly, the PCR court's rejection of this claim is neither contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

### 2. Harvest House Records and Witnesses (Ground Three)

Trial counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Counsel must, "at minimum, conduct a reasonable investigation enabling him to make informed decisions about how best to represent his client." *Hendricks v. Calderon*, 70 F.3d 1032, 1035 (9th Cir. 1995).

"[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 982 (9th Cir. 2004).

Petitioner contends that counsel's failure to investigate and communicate with him led to an involuntary plea. Primarily, petitioner asserts that counsel was deficient for failing to investigate petitioner's residence at Harvest House, including

16 - OPINION AND ORDER

obtaining records of dates of residence and interviewing other witnesses. Petitioner's argument fails for several reasons.

First, as the PCR court found, trial counsel conducted a reasonable investigation: (1) counsel sent his investigator to interview every person petitioner asked counsel to interview; (2) counsel's correspondence indicated that he asked his investigator to interview Harvest House employees and requested copies of records from Harvest House, including a log book; and (3) petitioner did not alert counsel to the fact that the dates and times of his residence in the indictment were wrong. The PCR court was not unreasonable in concluding that counsel was not deficient. 28 U.S.C. § 2254(d)(1); see *Crittendon v. Ayers*, 624 F.3d 943, 967 (9th Cir. 2010) (defense lawyer's duty to investigate and prepare a defense does not require that every conceivable witness be interviewed).

Second, as the PCR court concluded, petitioner failed to identify any evidence demonstrating that the Harvest House records or witness testimony would have changed the outcome of his trial. Although petitioner offered the statement of Harvest House Manager Laura Dittman, who noted that she liked petitioner and enjoyed their conversations, this evidence is not exculpatory. Resp. Ex. 148 at 3. Petitioner has failed to even speculate as to what an investigation of the Harvest House records would have yielded. See *Weaver v. Palmateer*, 455 F.3d 958, 971 (9th Cir. 2008) ("where a

17 - OPINION AND ORDER

petitioner cannot even make an unsubstantiated suggestion as to what the results of further [fingerprint] testing would have been, there is no basis on which a reviewing court can find prejudice.") Accordingly, petitioner has failed to demonstrate he was prejudiced.

Third, petitioner has not established a reasonable probability that but for counsel's alleged insufficient investigation, petitioner would not have pleaded guilty and would have insisted on going to trial. In this case, the trial record reflects that petitioner participated in two thorough plea colloquies, during which he represented that he understood the plea petition, had not been coerced, and had a clear understanding of what he was doing. Resp. Exs. 104 at 2-4 & 105 at 2-4; see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (representations made by a defendant during a plea hearing "carry a strong presumption of verity"). And, given the overall strength of the State's case against petitioner, and the threat of a 25-year sentence, the PCR court's conclusion that petitioner entered a guilty plea knowingly and voluntarily is not unreasonable. Accordingly, the PCR court's rejection of ground three is neither contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, petitioner's Amended Petition For Writ of Habeas Corpus (ECF No. 27) is DENIED, and this proceeding is

DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 2 day of OCTOBER, 2015.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

19 - OPINION AND ORDER